**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE**: | § | |
| | § | |
| **CHRISTIAN LIFE CENTER, INC.** | § | **CASE NO. 13-37415-H2-11** |
|     **Debtor** | § | **CHAPTER 11** |
| | § | **JUDGE JONES** |

---

## Debtor's First Amended Plan of Reorganization

---

     **CHRISTIAN LIFE CENTER, INC,** ("Christian Life"), Debtor herein, files this First Amended Plan of Reorganization.

## Table of Contents

Topic                                                                                            Page

Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Classes of Creditors and Specific Treatment of Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Specification of All Claims Impaired and
     Not Impaired under the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Modification of Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Means for Implementing and Effectuating the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Reservation of Rights . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rejection of Executory Contracts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Bar Dates for Filing Proofs of Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Transfer of Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Specific Consideration in Voting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Effect of Confirmation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Jurisdiction of the Court  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Miscellaneous Provisions  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Interim Operations  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# I.
# Definitions

The following terms, when used in the  Plan, shall unless the context otherwise requires, have the following meanings, respectively:

1.       "Allowed Amount" shall mean the dollar amount of a claim approved and allowed by final order of the Bankruptcy Court.

2.       "Bankruptcy Code" is the Bankruptcy Code of 1978 as contained in Title 11 U.S.C. Section 101 et seq. and amendments thereto.

3.       "Bar Date" is the deadline previously established by the court, after which any proof of claim filed will have no effect on this Plan and no right to participate with other creditors under the Plan.  Pursuant to the Notice of Meeting of Creditors promulgated by the Court, the bar date occurs 90 days after the first date set for the meeting of creditors.  In the instant case, the meeting of creditors in the Chapter 11 Proceeding was held on January 21, 2013, and the bar date is **April 21, 2014.**

4.       "Claim" shall mean a right to payment from the Debtor's Estate, which is evidenced by a timely filed Proof of Claim which is allowed by the Court, or if a Proof of Claim is not filed

by the creditor, a right which otherwise appears in the Debtors' bankruptcy schedules and (i) is not listed as disputed, contingent or unliquidated, (ii) has not been resolved by Final Order of the Court in this reorganization case or, (iii) which has been otherwise satisfied.

5.      "Class" shall mean any class into which Claims are classified pursuant to Section II.

6.      "Confirmation" shall mean the entry by the Bankruptcy Court of an order confirming the plan in accordance with Chapter 11 provisions of the Bankruptcy Code.

7.      "Confirmation Date" shall mean the date on which the Court enters an Order Confirming the Plan.

8.      "Confirmation Order" shall mean the order confirming the Plan.

9.      "Creditors" shall mean all creditors of the Debtors holding claims for debts, liabilities, demands or claims of any character whatsoever, as defined in §101(4) of the Bankruptcy Code.

10.      "Creditors Committee" shall mean that Creditors Committee appointed by order of the Court, the members  thereof and any successor members.  In the instant proceeding, the U.S. Trustee's office determined that it was unable to form a Creditors Committee.

11.      "Court" shall mean the United States Bankruptcy Court for the Southern District of Texas, Houston Division, presiding over the reorganization case, or, if necessary, the United States District Court for said District and Division having original jurisdiction over the reorganization case.

12.      "Debtor" shall mean Christian Life.

13.      "Disbursing Agent" shall mean Pastor Rodriguez or such other person as designated by the Debtor.

14.      "Disclosure Statement" shall mean the Debtor's Disclosure Statement.

15.     "Discharge" shall mean that completion of the Plan is intended to, will, and does fully discharge the Debtor as provided in Section 1141(d) of the Bankruptcy Code and the Plan does not provide for exceptions to discharge under 1141(d)(3), except as to any post-petition claims.

16.     "Effective Date" shall mean the thirtieth day following the date of the order confirming the plan.

17.     "Final Decree" shall mean the order of the Court entered after confirmation of the Debtor's Plan (i) discharging the Trustee and canceling his bond, (ii) making provision by way of injunction or otherwise as may be equitable, and (iii) closing the reorganization case.

18.     "Final Order" shall mean an order of the Court which, not having been reversed, modified or amended and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become conclusive of all matters adjudicated thereby and is in full force and effect.

19.     "Lien" shall mean mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on property which is effective under applicable law as of the date of the commencement of the reorganization case.

20.     "Plan" shall mean this Plan of Reorganization in its present form or as it may be amended, modified or supplemented.

21.     "Prime Rate" shall mean the prime interest rate quoted and published in the "Money Rates" section of the *Wall Street Journal*, as such rate may change from time-to-time.

22.     "Pro Rata Share" shall mean the amount which is the result of multiplying the monies available for distribution to a named class of creditors by that fraction in which the numerator is the allowed amount of a particular claim in the named class and the denominator is the total of the

amounts of all the claims in the named class.

23.    "Reorganized Debtor" shall mean Christian Life Center, Inc., reorganized under Chapter 11 of Title 11 of the United States Code, pursuant to the Confirmation Order.

24.    "Secured Claim" shall mean the claim of any creditor secured by liens on property, which liens are valid, perfected, and enforceable under applicable law, and are not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law, and are duly established in this case, to the extent of the value of the security, as determined in accordance with §506 of the Bankruptcy Code.

25.    "Substantial Consummation" shall occur immediately upon the Reorganized Debtor's satisfaction of the requirements of 11 U.S.C. § 1101(2).

26.    "Unsecured Claims" shall mean all business claimants or other claimants of any nature, holding claims for unsecured debts, liabilities, demands or claims of any character whatsoever.

27.    "Unsecured Creditor" shall mean the holder of an unsecured claim.

## II.
## Classes of Creditors
## and Specific Treatment of Claims

The Plan of Reorganization proposes to continue the Debtor's operations.    The Debtor's Plan of Reorganization will provide for classification of creditors in accordance with the United States Bankruptcy Code.

The Debtor is proposing a 100% plan to be paid on the effective date of the First Amended Plan unless otherwise specified in a particular class.

**Class 1- Administrative Expenses**.  Class 1 is unimpaired.  Class 1 are Claims entitled to

priority by Section 507(a)(1) of the Bankruptcy Code and will consist expenses incurred by the Court appointed Counsel and other professional persons for the Debtor.  These fees are incurred prior to the effective date of the Plan, as the same are finally approved and allowed by final order of the Court, and any other expenses incurred during the course of the Chapter 11 proceeding that have not yet been paid.  The members of this class include Tow & Koenig, Counsel for the Debtor.

All claims in this class shall be paid in cash and in full in such amounts as may be allowed and approved by the Court on the effective date or after such claims are finally allowed, whichever is later, by the Debtor to the extent of available funds, or such claims may be paid in accordance with any agreement or waiver.  In either event, claims in this class shall be paid in full within the 1 year period of the initial plan.  The anticipated total expenses to be paid in this class are anticipated to be $35,000 - $45,000.

**Class 2 - The United States Trustee**.   Class 2 is unimpaired and consists of the post-confirmation claim of the office of the United States Trustee for its fees from the date of confirmation until the Chapter 11 file is closed by the Bankruptcy Clerk.  These fees are based on the amount of disbursements made by the Debtor and are paid on a quarterly basis.  The Reorganized Debtor shall timely pay post-confirmation quarterly fees assessed pursuant to 28 U.S.C. §1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing this Chapter 11 case, or enters an order either converting this case to a case under Chapter 7 or dismissing this case.  After confirmation, the Reorganized Debtor shall file with this Bankruptcy Court and shall serve on the United States Trustee a financial report for each month, or portion thereof, that this Chapter 11 case remains open in a format prescribed by the United States Trustee.  The U.S. Trustee will continue to have quarterly administrative expense claims until such time as the case is closed by this Court.

All pre-confirmation quarterly fees shall be paid by the effective date of the Plan.

**Class 3 - The Internal Revenue Service**.   Class 3 is impaired and consists of the priority claim of the Internal Revenue Service ("IRS").   The Internal Revenue Service filed a proof of claim for a total of $23,277.24, based primarily on unassessed liabilities for the third and fourth quarter of 2013.   The Debtor has made all of the required payments to the IRS and has filed all required returns.   A copy of the IRS payment history evidencing that all payments have been made is attached as Exhibit "D" to the Disclosure Statement.   Therefore, the IRS will not receive any payments in this class.

**Class 4 - Secured Claims of Select Portfolio Servicing, Inc. and U.S. Small Business Administration.**   Class 4 is unimpaired and consists of the claims of Select Portfolio Servicing, Inc. ("Select Portfolio") and U.S. Small Business Administration ("SBA").   Select Portfolio's claim is in the amount of $291,048.92 and is secured by a first lien deed of trust on the real property located at 19503 Suncove Lane, Humble, Texas 77346 (the "Parsonage").   SBA's claim is in the amount of $48,879.56 and is secured by a second lien deed of trust on the Parsonage.   The principal of the Debtor, Pastor Rodriguez, has always made the monthly payment to Select Portfolio and shall continue to make the monthly payment pursuant to the mortgage.   The monthly payment to Select Portfolio is in the amount of $2,128.00.

The Debtor shall continue to make the monthly mortgage payment to the SBA under the terms of the mortgage.   The monthly payment to the SBA is in the amount of $238.00.

**Class 5 - Secured Claims of Advanced Business Copiers and Wells Fargo Financial Leasing, Inc.**   Class 5 is impaired and consists of the lease claims of Advanced Business Copiers and Wells Fargo Financial Leasing, Inc.   The Debtor shall surrender the leased equipment to the

respective claimants in full satisfaction of their claims.

**Class 6 - Secured Claim of De Lage Landen Financial.**   Class 6 is unimpaired and consists of the claim of De Lage Landen Financial ("De Lage").   The Debtor leases a copier, finisher and punch kit from De Lage and will continue making the payments under the terms of the lease agreement.   The monthly payment to De Lage is in the amount of $438.59.

**Class 7 - Claim of Gustavo Munoz Jr. and Dora T. Munoz.**   Claim 7 is impaired and consists of the claim of Gustavo Munoz Jr. and Dora T. Munoz/Goldstar Trust Company (the "Munoz").   The Munoz loaned the Debtor $125,000.00 on December 5, 2003, under an unsecured promissory note.   The note bears interest at the rate of 5.75% compounded annually until the maturity date of December 5, 2018, when it increases to 8% on any unpaid balances.

The Debtor intends to pay this note in full upon maturity, or if unable to do so, to pay it as agreed to with the Munoz.

**Class 8 - Unsecured Claims.**   Class 8 is impaired and consists of the unsecured claims in the amount of $42,704.19.    All unsecured claims will be paid in full without interest thirty days following the effective date of the First Amended Plan.

**Class 9 - FEMA Region VI.**   Class 9 is impaired and consists of the contingent, unliquidated, unsecured claim of FEMA Region VI in the amount of $26,655.25.   This was originally given to the Debtor as a grant in 2008 after Hurricane Ike.  The Debtor was later informed that it did not qualify for a grant and would have to repay some undetermined amount.  FEMA sent a demand letter to the Debtor demanding payment in full.  Pastor Rodriguez did not understand that this payment was to be included in the Debtor's confirmed plan and paid this claim in full.

**Class 10 - Equity Security Holders**.  Class 10 is impaired and consists of the equity security

holders of the Debtor.     Pastor and Mrs. Rodriguez are the only equity security holders of the Debtor, each holding 50% of the stock in the Debtor.   They believe this interest is valued at $0.00 as this is a non-profit entity.

## III.
## Specification of All Claims Impaired and
## Not Impaired under the Plan

Classes 1, 2, 4 & 6 are unimpaired under the Plan.  Classes 3, 5, 6, 7, 9, & 10 are impaired under the Plan.

## IV.
## Modification of Plan

The Plan may be amended or modified by the Debtor with the approval of the Court after notice and hearing.  If the Court finds after hearing on notice to any committee appointed under the Code and any other person designated by the Court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the Plan.

## V.
## Means for Implementing and Effectuating the Plan

Implementation of the Plan requires entry of an order by the Bankruptcy Court confirming the Plan.  The Plan is to be implemented, if accepted and approved by the Bankruptcy Court, in its entire form.   The Plan of Reorganization proposes to continue the Debtor's operations and pay the claims, with the exception of the Foundation Capital, over a 5 year period.

## VI.
## Reservation of Rights

Neither the filing of the Plan, nor any statement or provision contained herein, nor the taking by the Debtor or any creditor of any action with respect to the Plan shall (i) be or be deemed to be an admission against interest and (ii) until the effective date, be deemed to be a waiver of any rights which the Debtors might have against a creditor, and until the effective date all such rights are expressly and specifically reserved. In the event that the effective date does not occur, neither the Plan nor any statement contained therein may be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside of the reorganization case.

## VII.
## Rejection of Executory Contracts

The Debtor rejects all unassumed leases and executory contracts as of the effective date of the plan. Specifically, the Debtor rejects the leases with Advanced Business Copiers and Wells Fargo Financial Leasing, Inc. The Debtor assumes the lease with De Lage Landen Financial Services.

## VIII.
## Bar Dates for Filing Proofs of Claim

Any creditor desiring to receive a distribution under the provisions of this Plan, and whose claim is not evidenced by a court order or set forth on the Debtor's schedules, must file a proof of claim or request for compensation with the Bankruptcy Court **not later than April 21, 2014**. This bar date is set by the Bankruptcy Court and noticed to all creditors pursuant to the Notice of Creditor's Meeting.

The Debtor has filed as a part of its schedules a list of all creditors, setting forth the identity

of each creditor and an indication of the amount due each creditor.  Unless a claim is listed as disputed, contingent or unliquidated, each creditor's claim will be allowed in the amount and status stated on the Debtor's schedules.  Any creditor may file a proof of claim in a different amount or status not later than April 21, 2014.  Failure to file a timely proof of claim will force a creditor to accept the amount of his/her claim as listed on the Debtor's schedules.

**Claims listed as disputed, contingent, or unliquidated will not be allowed unless a proof of claim with all supporting documents are filed prior to April 21, 2014.**  In the event a creditor has filed a proof of claim in these proceedings with which the Debtor disagrees, the Debtor has the option to file an objection to that claim and request the Court to determine the true value of the claim. The Debtor shall attempt to resolve all objections to claims prior to confirmation.  However, the Debtor shall have 60 days from the effective date of the plan to file objections to claims.

Any proof of claim for a debt listed on the Debtor's Schedules **as disputed, contingent, or unliquidated** which is not timely filed shall be of **no force and effect**.  No distribution will be made to any creditor that has not timely complied with this provision.

## IX.
## <u>Transfer of Claims</u>

In the event that any creditor shall transfer its claim, it shall do so only in compliance with Bankruptcy Rule 3001, and it shall promptly notify the Debtor in writing of such transfer.  The Debtor shall be entitled to assume that no such transfer of any claim has been made by any creditor until after compliance and receipt of notice.  Each transferee of any claim shall take the claim subject to the provisions of the plan and to any request made, waiver or consent given, or other action taken under the Plan; and except as expressly otherwise provided in the notice.  The Debtor

shall be entitled to assume conclusively that the transferee named in the notice shall thereafter be vested with all rights and powers under the Plan of the transferor with respect thereto.

## X.
## Specific Consideration in Voting

All of the foregoing give rise in the instant case to the following implications and risks concerning the Plan.

1.       While the Plan provides for certain payments at confirmation, such payments will only apply to allowed claims including claims arising from defaults.  Under the Bankruptcy Code a claim may not be paid until it is allowed.  A claim will be allowed in the absence of objection.

2.       A claim, including a claim arising from default, which has been objected to, will be heard by the Court at a regular evidentiary hearing and allowed in full or disallowed in full or in part.  While the Debtor bears the principal responsibility for claim objections, any interested party, including the creditors committee, may file claim objections.  Accordingly, payment on some claims, including claims arising from defaults, may be delayed until objections to those claims are ultimately settled.

## XI.
## Effect of Confirmation

Upon the date of the final order confirming the Plan:

(A)       Confirmation of the Plan shall enjoin the creditor from collecting any indebtedness from the Debtor, any company owned by the Debtor or any insider of the Debtor including but not limited to its President, Vice President, Officers, Directors and Shareholders outside of the confirmed Plan,  whether or not they have accepted they have accepted the Plan;

(B)      Except as otherwise provided in the Plan, all of the property of the estate shall vest in the Debtor.

## XII.
## <u>Jurisdiction of the Court</u>

The Court shall retain jurisdiction to insure that this Plan is carried out and to determine any other matters in connection with this case, including, but not being limited to the following:

(a)      Determining all valid liens and claims, as well as the amounts, against the Debtor and its property;

(b)      Allowing the Debtor to enforce after confirmation any claims or causes of action which exist in the Debtor's favor as Debtor-in-Possession (which are the same claims or causes of action existing in favor of a Trustee in Bankruptcy) and which may not have been previously enforced by the Debtor;

(c)      Settling any disputes between the Debtor and its creditors;

(d)      Continuing jurisdiction, staying enforcement of any claims or liens until consummation of its plan;

(e)      Retaining jurisdiction to enter orders in aid of consummation of the Plan; and,

(f)      Retaining such other jurisdiction as will insure that the intents and purposes of this Plan are fulfilled.

## XIII.
## <u>Miscellaneous Provisions</u>

1.      All claims and causes of action in favor of the Debtor are hereby reserved to be prosecuted after confirmation.

2.      Whenever the word "confirmation" is used in this Plan, it is intended to mean that date upon which the order confirming this Plan as entered by this Court becomes final and unappealable.

3.      Pastor Rodriguez shall act as the Disbursing Agent under this Plan.

4.      Thirty days after confirmation, title to the remaining property of the Debtor, if any, will vest in the Debtor, and the jurisdiction of the Court will cease, except as provided herein above. However, the reinvesting of title shall not extinguish the rights and powers of the Debtor, but shall include the assignment of such rights and powers of the Debtor so that they may prosecute claims after confirmation.  Creditors shall retain their ability to utilize rights under 11 U.S.C. Section 1112(b)(8).  Upon a conversion of this case to Chapter 7, all property re-vested in the Debtor under the Plan, or subsequently acquired, shall constitute property of the bankruptcy estate in the converted case.

5.      Notwithstanding anything contained hereinabove, the Debtor reserves the right to object to and/or defend against any and all claims filed in this case.

6.      The Debtor utilizes a cash method for its accounting.

## XIV.
## __Interim Operation__

From and after the filing of this Plan and until such time as the order confirming this Plan has become final, this Plan has failed and another plan is proposed and acted upon, or an appeal has been filed and disposed of, or an order of adjudication of bankruptcy is entered, the Debtor shall continue in its current status on the terms and conditions heretofore authorized by orders of the Bankruptcy Court.  When the order of confirmation approving and confirming the Plan has become final and non-appealable, the rights and duties of the Debtor as Debtor-in-Possession appointed pursuant to order of the Bankruptcy Court shall terminate, provided that the Debtor performs all acts and executes any and all documents, instruments, and agreements which it is required to execute to consummate and carry out this Plan.

The Debtor also propose that all debts incurred after the filing of the petition initiating this proceeding and during the pendency of this proceeding, will be or shall have been paid in full and if not paid shall be entitled to payment under Class 1 hereunder.

The stay of actions and lien enforcement and all other matters provided for by Bankruptcy Code §362 shall remain effective and in full force until consummation of this Plan.

Respectfully submitted this 16th day of September, 2014.

_/s/ Pastor Rodriguez, President_
**Pastor Rodriguez, President,**
**Christian Life Center, Inc.**

**OF COUNSEL:**
**TOW& KOENIG, PLLC.**


By:_____/s/   Julie M. Koenig_____
        Julie M. Koenig
        SBA# 14217300
        26219 Oak Ridge Drive
        The Woodlands, Texas 77380
        281/681-9100 (Telephone)
        281/681-1441 (Telecopier)
        jkoenig@towkoenig.com

Attorney for the Debtor